```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

**MARJORIE NEVINS and MELANIE JELLIFFE**                                    **PLAINTIFFS**

VS.                                       CIVIL ACTION NO. 3:16-cv-472-WHB-JCG

**MARTIN JELLIFFE; JELLCO ENTERPRISES, INC.**
**d/b/a ADVANTACLEAN; and BANCORP SOUTH, INC.**                             **DEFENDANTS**

### OPINION AND ORDER

This cause is before the Court on two related Motions. Having considered the pleadings, the attachments thereto, as well as supporting and opposing authorities the Court finds:

Plaintiffs' Motion for Leave to File Second Amended Complaint is not well taken and should be denied.

The Motion of Defendants, Martin Jelliffe and Jellco Enterprises, Inc., to Dismiss is well taken and should be granted.

### I.  Factual Background and Procedural History

Marjorie Nevins ("Nevins") and Melanie Jelliffe[1] allege that Nevins and Defendant, Martin Jelliffe ("Jelliffe"), jointly owned multiple accounts that required signatures from all owners before withdrawals from the accounts could be made. The subject accounts are: (1) Raymond James Account No. ----6409; (2) Morgan Keegan Account No. ----0805; and (3) Morgan Keegan Account No. ----0441.

---

[1] Nevins and Melanie Jelliffe will be referred to collectively as "Plaintiffs".

Plaintiffs also allege that they were joint owners of BancorpSouth Account No. ----927-3.

Plaintiffs allege that between 2008 and 2015, Jelliffe and Jellco Enterprises, Inc., d/b/a Advantaclean ("Advantaclean"), fraudulently withdrew approximately $110,000 from the Raymond James Account, and $250,000 from the Morgan Keegan Accounts without Nevins's authorization or her authentic signature. Plaintiffs also allege that between 2011 and 2015, Jelliffe transferred approximately $200,000 from the BancorpSouth Account. Finally, Plaintiffs allege that between 2009 and 2015, BancorpSouth, Inc. ("BancorpSouth"), accepted for deposit from Jelliffe checks that had been fraudulently drawn on the Raymond James and Morgan Keegan Accounts. All of these acts were allegedly concealed from Plaintiffs.

Plaintiffs filed suit in this Court against Jelliffe, Advantaclean, and BancorpSouth. In their First Amended Complaint, Plaintiffs allege that BancorpSouth was negligent and breached the banking agreement and corresponding warranties between it and Plaintiffs by "depositing and/or paying checks not properly payable or authorized by all owners of the accounts" on which they were drawn. See Am. Compl. ¶¶ 21, 24 and 27. Plaintiffs also allege claims of conversion and unjust enrichment against BancorpSouth, Jelliffe, and Advantaclean, which are predicated on allegations that these defendants "fraudulently converted funds" from them by

2

making, issuing, depositing, and/or paying checks "without authentic signatures or authority."  Id. at ¶¶ 30, 33.  Through their Amended Complaint, Plaintiffs seek actual damages in the amount of $360,000, punitive damages, and a constructive trust.

After the deadline for filing amended pleadings expired, Jelliffe and Advantaclean filed a Motion to Dismiss under Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.  Through their Motion, Jelliffe and Advantaclean seek dismissal of Plaintiffs' claims that are predicated on "alleged fraudulent or unauthorized transactions" that occurred prior to June 21, 2013.[2]  The grounds for dismissal are (1) any claim arising before June 21, 2013, is barred by the applicable statute of limitations, and (2) Plaintiffs did not plead fraudulent concealment with the required specificity as would permit tolling of the limitations period.  In response, Plaintiffs seek leave to file a Second Amended Complaint to cure the existing pleading deficiencies.  The Court now considers both Motions.

**II. Discussion**

**A. Motion to Amend**

Plaintiffs have moved to amend their complaint under Rule 15

---

[2] In their pleadings, Jelliffe and Advantaclean reference June 9, 2016, as being the date on which Plaintiffs filed their Complaint.  According to the Docket, however, Plaintiffs' Complaint was not filed until June 21, 2016.

3

of the Federal Rules of Civil Procedure, which provides, in relevant part:

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a)(1) and (2).  In response, Jelliffe and Advantaclean argue that Rule 16(b)(4), not Rule 15(a), controls the issue of whether Plaintiffs should be granted leave to amend because Plaintiffs' Motion to Amend was filed after the deadline for amending pleadings, as prescribed by the Case Management Order, expired.  Rule 16(b)(4) provides, in relevant part, that "[a] scheduling order may be modified only for good cause and with the judge's consent."

Jelliffe and Advantaclean are correct in that the issue of whether Plaintiffs should be granted leave to amend is governed by Rule 16(b)(4).  See S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003)(holding: "We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.  Only upon the movant's demonstration of good cause to modify the scheduling

order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."). To determine whether a party has shown good cause for untimely motions to amend, the Court considers the following factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." Id. at 536 (alterations in original)(internal citations omitted).

As regards the first factor, Plaintiffs have not provided any explanation for their failure to seek leave to amend before the scheduling order deadline expired. In their rebuttal, Plaintiffs argue that they moved for leave to amend to cure the defects cited by Jelliffe and Advantaclean in their Motion to Dismiss. As noted by these defendants, however, Plaintiffs were made fully aware of the alleged pleading defects – i.e. that they had failed to plead fraud with the required specificity, and that their claims were barred by the applicable statutes of limitation – long before the Motion to Dismiss was filed, because both these defects were raised in their Answers to both the Complaint and the Amended Complaint. See Answer [Docket No. 3](Affirmative Defenses 2, 7); Am. Answer [Docket No. 5] (Affirmative Defenses 2, 7). Because Plaintiffs have not presented any explanation for their failure to timely move for leave to amend, although they were expressly put on notice of

5

the alleged defects in the pleading of their complaints, the first factor weighs against finding good cause.

The second factor requires the Court to consider the importance of the proposed amendment. This factor likely weighs in Plaintiffs' favor because the purpose of the proposed amendment is to save some of their claims from a possible statute of limitations defense. The third factor, however, weighs in favor of denying leave to amend because permitting the amendment would strip Jelliffe and Advantaclean of potential defenses to Plaintiffs' claims. Additionally, through the proposed Second Amended Complaint, Plaintiffs seek to insert new theories of potential liability against Jelliffe, namely that he owed Nevins fiduciaries duties based on a confidential relationship existing between them, and that he breached these duties by failing to inform her of his actions. See Mot. for Leave to Amend [Docket No. 33], Ex. (Proposed Second Amended Complaint at ¶¶ 18-22).

As regards the fourth factor, while a continuance would likely cure any prejudice to Jelliffe and Advantaclean with respect to the newly raised fraud-related allegations and the new theories of potential liability, the Court find a continuance is not justified in this case because Plaintiffs have failed to provide any explanation as to the reason(s) they failed to comply with the scheduling order of the Court.

Thus, on balance of the required factors, the Court finds

Plaintiffs have not shown good cause for their failure to seek leave to amend prior to the expiration of the deadline in the Case Management Order.  Their Motion for Leave to File Second Amended Complaint will, therefore, be denied.

**B. Motion to Dismiss**

Jelliffe and Advantaclean have moved for the dismissal of certain claims in Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Under this rule, a cause of action may be dismissed "for failure to state a claim upon which relief may be granted."  When considering a motion brought pursuant to Rule 12(b)(6), courts must "determine whether the plaintiff has stated a legally cognizable claim that is plausible, [and] not ... evaluate the plaintiff's likelihood of success."  Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)).  In so doing, courts must liberally construe the allegations in the complaint in favor of the plaintiff, and accept all pleaded facts as true.  See Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004).  Courts, however, "are not bound to accept as true a legal conclusion couched as a factual allegation."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).  As regards the sufficiency of the

allegations, the United States Court of Appeals for the Fifth Circuit has held:

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555.

In re Katrina Canal Breaches Lit., 495 F.3d 191, 205 (5th Cir. 2007).

Jelliffe and Advantaclean argue that Plaintiffs' claims should be dismissed to the extent they seek recovery on allegedly fraudulent account withdrawals that occurred more than three years before this lawsuit was filed because such claims are barred by the applicable statute of limitations. These defendants further argue that Plaintiffs cannot rely on the doctrine of fraudulent concealment to toll the limitations period because they did not plead fraud/fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

Under Mississippi law, fraudulent concealment can toll a statute of limitations. Specifically, Mississippi Code Annotated Section 15-1-67 provides:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

In order for the statute of limitations to be tolled under Section 15-1-67, two showings must be made: "(1) that the defendant engaged in affirmative acts of concealment, and (2) despite investigating with due diligence, the plaintiff was unable to discover the claim." Nygaard v. Getty Oil Co., 918 So.2d 1237, 1242 (Miss. 2005). Additionally, under Mississippi law, allegations relating to fraud "such as the time, place and contents of any false representations or conduct" must be stated with particularity, see Brabham v. Brabham, 483 So.2d 341, 342 (Miss. 1986), and, the failure to so do, can result in the dismissal of fraud-related claims. See e.g. Stephens v. Equitable Life Assurance Soc'y, 850 So.2d 78 (Miss. 2003).

In their Amended Complaint, Plaintiffs have not alleged any affirmative act of concealment taken by either Jelliffe or Advanaclean after the dates on which the allegedly fraudulent account withdrawals were made. Likewise, Plaintiffs have not alleged that despite acting with "due diligence", they were unable to discover the alleged fraudulent account withdrawals prior to their lawsuit being filed. Because there are no allegations of either (1) a subsequent affirmative act of concealment on the part of Jelliffe and/or Advantaclean, or (2) due diligence by Plaintiffs to discover their claims, the Court finds Plaintiffs have not pleaded their fraudulent concealment claim with the specificity required by Mississippi law so as to toll the applicable statutes

of limitations. See e.g. O'Bannon v. Guardian Life Ins. Co. of Am., 331 F. Supp. 2d 476, 478 (S.D. Miss. 2004)(finding the applicable statute of limitations had not been tolled in a case in which the plaintiffs had failed to "sufficiently allege that the Defendants engaged in any affirmative act or conduct that prevented [them] from discovering their claims."); Tanner v. Pfizer, Inc., 2015 WL 6133207, at *3 (S.D. Miss. Oct. 19, 2015)(finding that the plaintiff had not adequately pled a basis for tolling the applicable statute of limitations in a case in which the complaint did not contain either allegations of a subsequent affirmative act of concealment or due diligence). See also State Indus., Inc. v. Hodges, 919 So. 2d 943, 946 (Miss. 2006)(finding that fraudulent concealment had been pleaded with sufficient specificity to stave off a motion to dismiss in a case in which the plaintiffs had specifically pleaded (1) a subsequent affirmative act of concealment and (2) that they did not discover their claims earlier because of the act of concealment). Additionally, because Plaintiffs' claims against Jelliffe and Advantaclean are governed by three-year statutes of limitations, see MISS. CODE ANN. §§ 73-3-118(g) (conversion claims), 15-1-49 (fraud-claims), and Plaintiffs have not pleaded fraudulent concealment with the specificity required to toll these limitations statutes, any claim that accrued more than three years before the date on which this lawsuit was filed, i.e. before June 21, 2013, is not plausible on its face and,

therefore, subject to dismissal. Accordingly, the Motion of Jelliffe and Advantaclean to Dismiss will be granted and Plaintiffs' claims, to the extent they are predicated on allegedly fraudulent withdrawals that occurred on or before June 21, 2013, will be dismissed.

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Plaintiff for Leave to File Second Amended Complaint [Docket No. 33] is hereby denied.

IT IS FURTHER ORDERED that the Motion of Defendants, Martin Jelliffe and Jellco Enterprises, Inc., to Dismiss [Docket No. 25] is hereby granted. All of Plaintiffs' claims that are predicated on allegedly fraudulent account withdrawals that occurred on or before June 21, 2013, are hereby dismissed as time barred.

SO ORDERED this the 15th day of March, 2017.

                                            s/ William H. Barbour, Jr.
                                            UNITED STATES DISTRICT JUDGE